The Honorable Jim Wood State Representative P.O. Box 219 Tupelo, AR 72160-0219
Dear Representative Wood:
I am writing in response to your request for my opinion on the following question:
 Does the City Council of DeValls Bluff have the authority to turn over control of a cemetery located on lands owned by the City of DeValls Bluff to a local board who operates as a separate entity with financial and management authority of its own?
You have indicated that the expenditure of funds under the control of this separate entity totals approximately $8,007.
RESPONSE
In my opinion, the city council does have such authority, although the transfer may be subject to various legislative restrictions discussed below. Based on my limited acquaintance with the facts, I am unable to opine as to what potential restrictions will apply.
You have not indicated in your request precisely what sort of relationship would exist between the city and the local management board. I am consequently unable to determine whether the board would be an unincorporated association, a non-profit corporation, an agency of the city or a corporation that has contracted with the city to perform a management service. However, whatever the board's status, I have located no authority that would preclude the city council from effecting the transfer of control you have described, subject to the condition that the local board, like the municipality before it, will need to observe the regulations applicable to the maintenance of cemeteries. For instance, A.C.A. § 20-17-901 requires that any cemetery located within a city be registered with the mayor and the registration be filed with the Department of Health. I assume these requirements have been met by the city itself.
You should be aware that the transfer may be subject to the Cemetery Act for Perpetually Maintained Cemeteries (the "Act"), A.C.A. § 20-17-1001 etseq., depending on factual circumstances of which I have not been advised. The Act provides for the issuance of permits by the Arkansas Cemetery Board, which is authorized, inter alia, to conduct inspections and to monitor the funding and accounting practices of any cemeteries that fall within its scope. See, e.g., A.C.A. § 20-17-1006 (1999 Supp.) (setting forth powers and duties of the Cemetery Board). Municipalities are expressly exempted from the scope of the Act pursuant to A.C.A. §20-17-1003(a)(2). Subsection 1003(a)(4) further exempts "[a] community nonprofit association in which no person is entitled to receive pecuniary profit other than the bookkeeper and maintenance crew." In addition, subsection 1003(b) exempts "[p]ersons who do not and have never received more than two thousand dollars ($2,000) gross proceeds in any one (1) year from the sale of parcels of realty to be used as human burial sites. . . ." However, all of these exemptions are subject to the following exception:
 All cemeteries who advertise or operate all or a part thereof as perpetual care or permanent maintenance cemeteries[1] shall be subject to this subchapter regardless of the organization of the person or group owning and operating the cemetery or burial grounds.
A.C.A. § 20-17-1003(c).
To elaborate on the foregoing, if the cemetery operates as a perpetual care or permanent maintenance cemetery, its activities will be subject to the subchapter 10 provisions discussed above. If not, the strictures of subchapter 10 will nevertheless apply unless (a) the local board is deemed a mere agency of the city, thus triggering the municipality exemption; or (b) the pecuniary conditions set forth in subsection 1003(a)(4) or subsection 1003(b) apply, thus warranting an exemption for the local board in its own right. Whatever the factual circumstances, I am unaware of any law or regulation that would preclude the city council from transferring control of the cemetery to a local board of the sort you have described, so long as the transfer is properly effected.Compare A.C.A. § 18-15-1408(b)(1) (Supp. 1999) (if cemetery has been open for public use at least 50 years, quorum court may claim it by adverse possession, issue an order for its management and care, and then either manage its itself or "enter into an agreement allowing a nonprofit association or corporation" to do so). I should further note that any use of public funds for a purpose other than that for which it was appropriated might be deemed an illegal exaction pursuant to Ark. Const. art. 16, §§ 12 and 13.
As reflected in my discussion, the precise manner in which the transfer is made should depend on the specific facts of this case. By law, I am precluded from serving as a finder of fact. Accordingly, the municipality and/or the proposed board should consult with local counsel to determine how to proceed.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] The subchapter defines "perpetual care cemetery" as being "a cemetery for the benefit of which a perpetual care fund has been established in accordance with the provisions of this subchapter." A.C.A. § 20-17-1002(4). The subchapter does not define "permanent maintenance cemetery" but defines as follows the term "care and maintenance": "the continual maintenance of the cemetery ground and graves in keeping with a properly maintained cemetery."